UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Everardo Mata Zuniga,

    Plaintiff

v.

NaphCare Inc.,

    Defendant

2:16-cv-00180-JAD-CWH

**Order Screening and Dismissing Complaint with Leave to Amend**

    Pro se Nevada state prisoner Everardo Mata Zuniga brings this civil-rights action under 42 U.S.C. § 1983 and has also submitted an application to proceed *in forma pauperis*. I temporarily defer the matter of the filing fee, screen Zuniga's complaint, dismiss his claim without prejudice, and give him until July 28, 2016, to file an amended complaint curing the deficiencies outlined in this order.

**Discussion**

**A.    Screening standard**

    The Prison Litigation Reform Act directs federal courts to conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or an employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[3]

---

[1] *See* 28 U.S.C. § 1915(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

[3] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. Pro se pleadings are liberally construed.[4] And when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[5]

**B.   Zuniga's complaint**

Zuniga sues the Clark County Detention Center's ("CCDC") medical provider NaphCare, Inc. for events that occurred while he was incarcerated at the CCDC.[6] Zuniga asserts one count and seeks monetary damages and injunctive relief to have his foot repaired by a qualified orthopedic surgeon.[7]

Zuniga alleges that, in August 2013, he slipped on wet concrete on his way to the recreation yard at the CCDC.[8] Four days later, jail officials took him to the University Medical Center ("UMC") to treat his broken left foot.[9] Doctors placed Zuniga's foot in a cast, but the broken bone was "never set nor did an orthopedic surgeon see [him]."[10] The UMC doctor recommended that Zuniga's foot stay in the cast for two to three months, but jail officials removed the cast after only two weeks and gave him a brace to wear instead.[11] Zuniga's injuries were never corrected, and he now uses a walker.[12]

---

[4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[6] ECF No. 1-1 at 1–2.

[7] *Id.* at 4, 6.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Zuniga names NaphCare as the sole defendant in this case but, in the body of his complaint, he alleges that Sheriff Douglas C. Gillespie failed to provide adequate medical care for him. He asserts one count, alleging that defendants were negligent and deliberately indifferent to his serious medical needs.[13]

**C.  Zuniga's claim is dismissed without prejudice and with leave to amend.**

A prisoner who claims inadequate medical care must show that prison officials were deliberately indifferent to his serious medical needs.[14] A plaintiff can prevail on a deliberate-indifference claim if he can show that prison officials denied, delayed, or intentionally interfered with medical treatment and that the delay or interference caused further injury.[15]

To the extent Zuniga is attempting to assert a medical-malpractice claim, his claim fails. Indifference to a prisoner's medical needs must be substantial; mere indifference, negligence, medical malpractice, or even gross negligence are insufficient to establish deliberate indifference.[16] A mere difference of medical opinion likewise does not suffice;[17] a prisoner must instead show that the course of treatment chosen was medically unacceptable under the circumstances and taken in conscious disregard to his health.[18] Zuniga does not plead any facts to show that the chosen course of treatment was medically unacceptable or taken in conscious disregard for his health, so he fails to state a claim for deliberate indifference to serious medical needs under § 1983.

Zuniga's claim also fails as pled against Sheriff Gillespie for the additional reason that Zuniga does not allege that Sheriff Gillespie made any decisions about his medical care. Liability under §

---

[13] *Id.* at 3–4.

[14] *Estell v. Gamble*, 429 U.S. 97, 104 (1976).

[15] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

[16] *Conn v. City of Reno*, 591 F.3d 1081–82 (9th Cir. 2009)

[17] *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[18] *See Toguchi v. Chung*, 291 F.3d 1051, 1058 (9th Cir. 2004).

1  1983 arises only upon a showing of personal participation by a defendant;[19] vague and conclusory
2  allegations of official participation in civil-rights violations are not sufficient.[20]  "A supervisor is only
3  liable for constitutional violations of his subordinates if the supervisor participated in or directed the
4  violations, or knew of the violations and failed to act to prevent them."[21]  Zuniga's conclusory
5  allegation that Sheriff Gillespie failed to provide him adequate medical care is insufficient to show
6  that he was personally involved in Zuniga's medical treatment (or lack thereof).

7        Zuniga's claim also fails as pled against NaphCare for the additional reason that he has not
8  alleged or pleaded any facts to show that a NaphCare custom or policy was the driving force behind
9  the alleged constitutional deprivation.  There is no *respondeat superior* liability for §1983 actions; a
10 municipal defendant may only be held liable under § 1983 if the entity's policy or custom was the
11 driving force behind the alleged constitutional deprivation.[22]  Because Zuniga does not allege an
12 unlawful policy on the part of NaphCare, his § 1983 claim fails as a matter of law.

**D.  Leave to amend**

14       Zuniga is granted leave to file an amended complaint curing the deficiencies I have outlined in
15 this order.  Upon amendment, Zuniga is instructed to follow the directions in the form complaint and
16 to state the facts clearly, in his own words, and describe exactly what each specific defendant did to
17 violate his rights.  In his amended complaint, Zuniga should identify by name the CCDC medical
18 officials whom he believes were deliberately indifferent to his serious medical needs.  If Zuniga
19 chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the
20 original complaint, so it must be complete in itself.[23]  Zuniga's amended complaint must therefore

---

[19] *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

[20] *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[22] *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002).

[23] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such

contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Zuniga must file the amended complaint on this court's approved prisoner civil-rights form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. If he chooses to file an amended complaint, he must do so by **July 28, 2016. If he does not file an amended complaint by this deadline, this case will be dismissed with prejudice and without further warning.**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that a **decision on the application to proceed** *in forma pauperis* **is [ECF No. 1] is DEFERRED.**

IT IS FURTHER ORDERED that Zuniga's complaint is dismissed in its entirety, without prejudice, and with leave to amend. **If Zuniga chooses to file an amended complaint, he must do so by July 28, 2016; if he does file an amended complaint by this deadline, this case will be dismissed with prejudice and without further notice.**

The Clerk of Court is instructed to file Zuniga's complaint [ECF No. 1-1] and to send Zuniga the approved form for filing a § 1983 action, instructions for the same, and a copy of his original complaint. If Zuniga chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

Dated this 28th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

claims in a subsequent amended complaint to preserve them for appeal).