UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Everardo Mata Zuniga,

    Plaintiff

v.

Naph Care Inc.,

    Defendant

2:16-cv-00180-JAD-CWH

**Order Dismissing and Closing Case and Denying Application to Proceed** *in forma pauperis*

[ECF No. 1]

    On June 28, 2016, I screened Everardo Mata Zuniga's pro se civil-rights complaint, dismissed his claims without prejudice, and gave him 30 days to file an amended complaint curing the deficiencies outlined in that order.[1] Shortly before the deadline to file the amended complaint expired, Zuniga moved for an extension[2] and I extended the deadline to September 16, 2016.[3] Zuniga has not filed an amended complaint or requested an extension to do, so I exercise my inherent authority to control the court's docket, and I dismiss this case with prejudice.

**Discussion**

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice when a party fails to prosecute an action,[5] obey a court order,[6]

---

[1] ECF No. 2.

[2] ECF No. 4.

[3] ECF No. 5.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th

or comply with local rules.[7]

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

Here, the first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal.  The third factor also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9]  A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[10] and my order extending the deadline for Zuniga to file an amended complaint expressly stated that this case would be dismissed if he failed to do so.[11]

The only factor that weighs against dismissal is the fourth factor—the policy favoring disposition of cases on their merits.  I find that this factor is greatly outweighed by the other factors favoring dismissal, so I exercise my discretion to dismiss this case with prejudice based on Zuniga's failure to comply with my July 29, 2016, order and failure to prosecute this action.

---

Cir. 1987) (dismissal for failure to comply with court order).

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33;  *Henderson*, 779 F.2d at 1424.

[11] ECF No. 5 at 2.

**Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **this case is DISMISSED with prejudice, and Zuniga's application to proceed** *in forma pauperis* **[ECF No. 1] is DENIED as moot.**

The Clerk of Court is instructed to enter judgment for defendant and against plaintiff and CLOSE THIS CASE.

Dated this 23rd day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge